CAROLYN BOYLAN, PLAINTIFF-RESPONDENT, v. PENNSYLVANIA RAILROAD COMPANY, DEFENDANT-APPELLANT.

Submitted October 28, 1932—Decided January 31, 1933.

For the defendant-appellant, *W. Holt Apgar.*

For the plaintiff-respondent, *Edmund A. Hayes.*

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in the New Jersey Supreme Court. The case was tried at the Middlesex Circuit before Judge Lyon and a jury. The jury rendered a verdict of $15,000 in favor of the plaintiff.

The action was brought for compensation for personal injuries sustained by the plaintiff. The facts were that Carolyn Boylan, who resided at New Brunswick, New Jersey, was walking along Bayard street about nine-thirty o'clock of the evening of April 1st, 1930. As she passed from under the elevated tracks of the Pennsylvania Railroad Company she was struck by a piece of coal weighing about fifteen pounds and which after striking her broke into several pieces when it struck the pavement. At that time a train of the Pennsylvania railroad passed over its tracks above her. The coal struck her on the arm and severely injured her. The plaintiff contended that the coal fell from the tender of the passing locomotive. The proofs showed that the coal was of the character used by the railroad company for the operation of its engine and that such coal was stored in the tender of the engine on this particular occasion. The evidence also disclosed that along the edge of the tracks, over which the train was passing, there was constructed a steel girder about one foot above the roadbed of the railroad track and on each side of the track which extended the whole width of the street crossing. No

other train except the one mentioned passed this place within five minutes of the accident. There was evidence that the coal was piled on the tender above the sides and that this coal had been loaded thereon near the Manhattan Transfer and that when the tender is loaded to such a height it is necessary to inspect the coal frequently and keep it properly trimmed in order to prevent its falling from the tender. The defendant appeals here from the judgment above mentioned.

The first contention of the appellant is that on the proofs submitted on behalf of the plaintiff the court should have directed a nonsuit. We find no merit in this contention. The fact that the coal was of the character used by the company was evidence that the lump of coal which struck the plaintiff was the property of the company. The fact that the right of way was protected by a steel girder along each edge which projected above the roadbed was evidence that the lump of coal could not have fallen from the roadbed which was entirely enclosed and that consequently it fell from the tender or the engine. The jury had a right to find that it fell from the tender. The findings of this fact was proof that it had not been properly trimmed or properly inspected at reasonable intervals. These conditions taken together justified an imputation of negligence on the part of the defendant company and the trial court was justified in holding that the doctrine of *res ipsa loquitur* was applicable. The rule is that where an inference may be drawn by fair-minded men from material facts which had been submitted to the jury, which facts are not disputed, it is for the jury and not for the court to determine whether or not the accident was the result of some negligent act on the part of the defendant. There are many accidents from which no presumption of negligence can arise but this case does not come within this class. It was the duty of the railroad company to keep its coal in the tender and see to it that it did not fall out. This coal was in the custody of the railroad company's servants and it was their duty to so care for it as not to endanger others who were passing under its tracks. This rule was set forth by Chief Justice Gummere in the case of *Sheridan* v. *Foley,* 58 *N. J.*

*L.* 230. It is also set forth in an opinion of this court in the case of *Gilroy* v. *Standard Oil Company,* 107 *N. J. L.* 170.

The next ground of appeal is that the court erred in refusing to direct a verdict in favor of the defendant. The argument of counsel in support of this ground for reversal is practically the same as that made in support of his motion to nonsuit. We think there is no merit in this contention for the same reasons which are above set forth relative to the motion for nonsuit.

The other grounds of appeal are directed at the charge of the court in which the court stated that the jury had a right to impute the accident to the negligence of the defendant corporation or its employes and that the doctrine of *res ipsa loquitur* was applicable to this case. Counsel makes practically the same arguments relative to these charges as were made relative to a direction of a verdict and for a motion of nonsuit. An examination of the court's charge discloses that the court properly charged the jury relative to the doctrine of *res ipsa loquitur* and we are of the opinion, as before stated, that this doctrine was applicable to the case in question. We, therefore, see no merit in this contention and find no error in the instructions of the court excepted to by appellant.

The judgment under review is, therefore, affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 12.

*For reversal*—None.